# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 26, 2011

No. 10-51061
Summary Calendar

Lyle W. Cayce
Clerk

DAVID BRIAN JENNINGS,

Plaintiff-Appellant

v.

RISSIE OWENS, in her Official Capacity as Presiding Officer of the Texas Board of Pardons and Paroles; STUART JENKINS, in his Official Capacity as Director of the Parole Division of the Texas Department of Criminal Justice; IVY ANDERSON-YORK, in her Official Capacity as Director of Region I of the Parole Division of the Texas Department of Criminal Justice; LINDA MCCARVER, in her Official Capacity as Supervisor of Parole Officers within Region I of the Parole Division of the Texas Department of Criminal Justice; and ERNESTO ALVAREZ, in his Official Capacity as Direct Parole Officer within Region I of the Parole Division of the Texas Department of Criminal Justice,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:06-CV-990

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

David Brian Jennings, a Texas parolee, brought suit sunder 42 U.S.C. § 1983 challenging three sex offender parole conditions imposed on him when he

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-51061

was paroled in 2005 after serving a prison sentence for debit card fraud. These three conditions were based on of a sex offense he pleaded guilty to in 1979 and for which he completed his sentence in 1988. He claimed that the imposition of these conditions violated his right to procedural due process.

The magistrate judge, presiding with the consent of the parties, originally granted summary judgment in favor of Jennings and ordered the conditions removed from the terms of Jennings's parole. We reversed that decision and remanded. *Jennings v. Owens*, 602 F.3d 652, 654 (5th Cir. 2010). Relying on our decision, the magistrate judge then granted the defendants' new motion for summary judgment and dismissed the case, explaining that Jennings could not show that he experienced stigma on the basis of the parole conditions.

We review the grant of summary judgment de novo. *Nickell v. Beau View of Biloxi, L.L.C.*, 636 F.3d 752, 754 (5th Cir. 2011). Summary judgment is proper if the evidence shows that there is no genuine dispute as to a material fact. *Id.*; FED. R. CIV. P. 56(c)(2) (As of December 1, 2010, this proposition is codified in FED. R. CIV. P. 56(a).). To establish the unconstitutional infringement of a liberty interest regarding the conditions of parole, a plaintiff must show, among other things, that the conditions cause stigma, meaning that they falsely label the plaintiff and imply guilt of serious wrongdoing. *Jennings*, 602 F.3d at 657-59 & n.9. Jennings argues that summary judgment is not warranted because he presented evidence that the special parole conditions falsely label him as someone who continues to be a threat to the community. However, we have already determined that because Jennings is a convicted sex offender and has had the ability to challenge that status, he is not stigmatized by the imposition of sex offender parole conditions. *Jennings*, 602 F.3d at 659. Because Jennings cannot establish that a liberty interest was infringed, summary judgment in favor of the defendants was proper. Accordingly, the judgment is AFFIRMED.